# RIVER OAKS LAND TRUST, INC. v CLOWERS

## Case No. 90-4736 COSO

County Court, Broward County

September 21, 1990

### APPEARANCES OF COUNSEL

**Alan Sakowitz, Esquire,** Sakowitz & Sakowitz, for plaintiff.
**Henry Laffer, Esquire,** for defendant.

### OPINION OF THE COURT

KATHLEEN A. KEARNEY, County Judge.

### *ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS*

THIS CAUSE came before the Court upon Plaintiff's Motion for Judgment on the Pleadings and the Court, having reviewed the court file and heard arguments of counsel for Plaintiff and counsel for Defendant, makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

I. FINDINGS OF FACT:

A. Defendant's rent was due to Plaintiff on August 1, 1990.

B. Plaintiff's agent properly served Defendant with a three day notice on August 3, 1990.

C. The three day notice afforded Defendant an opportunity to pay her rent until August 8, 1990.

D. Defendant breached the lease by failing to timely pay the rent due and Plaintiff filed a complaint for tenant eviction on August 11, 1990.

E. On August 15, 1990, Defendant timely answered Plaintiff's complaint and posted all money due Plaintiff into the Registry of the Court.

F. Defendant, through counsel, with the permission of the Court filed an Amended Answer on August 29, 1990.

G. Defendant's Amended Answer:

1. Admitted all allegations of Plaintiff's complaint including that Defendant failed to pay rent.

2. Defendant claimed the non-payment was as a result of harassment by Defendant's ex-fiance on and after July 29, 1990.

3. Defendant's ex-fiance called Defendant and asked her for her rent money. Defendant said "I was very ti[r]ed of all the confusion so I said yes come get it, and he did."

4. On August 13, 1990, Defendant's ex-fiance prevented Defendant from picking up her children.

5. On August 14, 1990 Defendant's ex-fiance abducted Defendant.

H. Defendant claims she was excused from timely performance of the lease as a result of an Act of GOd and impossibility of performance.

II. CONCLUSIONS OF LAW:

A. Defendant's breach was the result of actions of man not God.

B. Defendant's situation was most unfortunate but not extraordinary and unprecedented.

C. Defendant's performance, while difficult, was not impossible.

D. The allegations of the complaint were that a certain amount of money was due Plaintiff by Defendant. There was not an allegation that the Plaintiff contracted to accept only the specific monies that were given to Defendant's ex-fiance. Therefore, any money could have been used to pay the rent.

THE PLEADINGS in this case when viewed in the light most

favorable to the Defendant do not state a defense to Plaintiff's complaint. Accordingly, it is:

ORDERED AND ADJUDGED that

1. Plaintiff's Motion for Judgment on the Pleadings is granted and River Oaks Land Trust, Inc., shall receive possession of the premises located at and known as 2929 North Dixie Highway, No. 202, Oakland Park, Broward County, Florida from Defendant, Ethel Clowers, and all others in possession.

2. Issuance of the writ of possession is stayed until October 11, 1990, at 5:00 P.M.

3. Plaintiff's Motion for attorney's fees against Defendant and counsel for Defendant is granted as to the Defendant, Ethel Clowers, and denied as to counsel for Defendant. The parties stipulated that $500.00 is a reasonable fee for counsel for the Plaintiff. Over the objection of Defendant, Plaintiff shall recover from Defendant, Ethel Clowers, attorney's fees in the amount of $500.00 together with Court costs of $102.00 for which let execution issue.

4. Defendant, Ethel Clowers, shall pay all future rent coming due while in possession of the premises on or before the 1st day of the month it falls due. Failure to do so shall result in the writ of possession issuing forthwith upon the filing of an affidavit of non payment by an agent for Plaintiff.

5. Possession will not issue pending appeal if Defendant posts into the registry of court $2,500.00 as a bond. If the Appeal is not concluded by February 28, 1991, the writ of possession shall issue on March 1, 1991 since the lease expires on February 28, 1991.

6. If Defendant vacates the premises prior to September 31, 1990, Plaintiff shall prorate the rent for September, 1990 and return the unearned portion to the Defendant.

7. This Court reserves jurisdiction to enforce the provisions of this Order.

DONE AND ORDERED at Hollywood, Broward County, Florida, this 21st day of September, 1990.